Brown *v.* Collins.

---

## Brown *v.* Collins.

A discharge in insolvency, obtained under the laws of Massachusetts, is a good bar to a suit in this State upon a note given in Massachusetts by citizens of that State to citizens of New-York, and by its express terms payable in Massachusetts.

Assumpsit, upon a note of hand, made and dated at Lowell, Massachusetts, October 14, 1858, for the sum of $485.38, signed by the defendants as copartners, and payable to the order of the plaintiffs, at the Merchants' Bank in said Lowell, three months after date. Plea, the general issue, accompanied by a brief statement of a discharge of the defendants under the insolvent laws of Massachusetts.

The following facts were agreed upon by the parties:

The plaintiffs, at the time the note was given, were merchants and partners, residing in the city of New-York; and the defendants, at the same time and until after the discharge hereafter spoken of and set forth in said brief statement, were merchants and partners, residing in said Lowell, Massachusetts. The note was given for goods which one of the defendants personally selected and bargained for of the plaintiffs at New-York, and which were sent by the plaintiffs, by express, to the defendants at Lowell, and received by them there from said express; and the note, after the receipt of the goods, was sent through the mail to the plaintiffs at New-York. On September 28, 1859, both of the defendants obtained a discharge under the insolvent laws of Massachusetts, "from all and each of their debts, whether partnership, joint, or individual," that were provable under said laws,—and the note in suit was provable under said laws; that the goods and estate of one of the defendants in this State were attached on the writ in this action in the manner set forth in the officer's return on this writ, which writ and officer's return were referred to; but if, in the opinion of the court, this last fact should be material to the decision, the defendants denied that the property attached belonged to either of them, and were to contest that fact before the jury.

*Sawyer & Stevens*, for the plaintiffs.

*I. A. Eastman*, for the defendants.

FOWLER, J. The single question presented by this case is, whether a suit here, upon a promissory note given in Massachusetts by citizens of that State to citizens of the State of New-York, and by its express terms payable in Massachusetts, is barred by the discharge of its makers under the insolvent laws of Massachusetts, duly and regu-

larly obtained. This subject has so recently been considered by this court, in the case of *Whitney* v. *Whiting*, 35 N. H. 457, that it can hardly be necessary again to advert to the foundation of the general exemption of contracts between citizens of different States from the operation of State insolvent laws. Such exemption has been understood to rest solely on the positive prohibition of the Constitution of the United States; and, as that provision was intended for the protection of citizens of one State, creditors of those of another, it is clear that it may be waived by those entitled to its advantages. And we think it quite apparent, that, if the citizens of one State voluntarily become parties to and accept of a contract with citizens of another State, by its terms expressly to be executed within the limits of that other State, they must be holden to have waived their constitutional extra-territorial rights; the laws of the State where, by its express terms, it is to be executed, must determine the validity and obligation of such a contract; and its discharge, by the laws of that State, must be regarded as an effectual and valid discharge of it every where, without regard to the domicil of the parties to it.

. According to the provisions of the agreed case, there must, therefore, be

*Judgment for the defendants.*